IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL T. WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DET. ERIC GERGEL, BOROUGH OF | : | |
| NORRISTOWN POLICE DEPT., et al. | : | NO. 13-0468 |

**M E M O R A N D U M**

GOLDBERG, J.           MAY 9th, 2013

  Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against his former girlfriend, a detective with the Norristown Police Department, and the Norristown Police Department. He is alleging, in essence, that he is the victim of a false imprisonment, a malicious prosecution and a malicious abuse of process. In his prayer for relief, he is seeking money damages.

  For the following reasons, his complaint and amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

  In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in plaintiff's complaint that would allow this Court to find that Donna T. Stephens, plaintiff's former girlfriend, was acting under color of state law when she filed criminal charges against him. Because plaintiff's complaint does not contain any references to Detective Eric Gergel, there is no basis to find that he violated plaintiff's constitutional rights. Therefore, the

claims against Donna T. Stephens and Detective Eric Gergel will be dismissed.

Plaintiff is also suing the Norristown Police Department. However, municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint, and plaintiff's claims against the Norristown Police Department will be dismissed.

The Supreme Court has stated that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. However, he does not state that his conviction has been reversed or otherwise invalidated. Instead, he has submitted a copy of a document from his state criminal case, which shows that he entered a guilty plea in that case. The Third Circuit has found that, "a guilty plea-even one for a lesser offense-does not

permit a later assertion of no probable cause." Walker v. Clearfield County District Attorney, 413 F. App'x 481, 483-84 (3d Cir. 2011) (citing Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002)). Plaintiff's false imprisonment and malicious prosecution claims must be dismissed because his criminal proceedings were not terminated in his favor.

    Finally, in order to state a claim for malicious abuse of process the prosecution must have been initiated for a legitimate purpose and thereafter used for a purpose "other than that intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n. 17 (3d Cir. 1989)(citation omitted). There are no allegations in plaintiff's complaint to support such a claim against a state actor.